Day, C. J.
The action was brought to recover damages for the breach of a contract for the sale and delivery of railroad securities amounting to about $13,000'. The parties were at issue upon every material point in the pleadings. On the trial, both parties testified, and materially disagreed in their testimony. Each of them alluded to their testimony on a former trial of the case. The defendant offered in evidence the record of a bill of exceptions taken on the former trial, purporting to show all the evidence given on that trial, “ to show what was the testimony of the witnesses on that trial,” to which the plaintiff objected; but the court overruled the objection, and the record was admitted in evidence. To this ruling of the court, the plaintiff excepted.
It is admitted that the testimony given on the former trial, as shown by the bill of exceptions, differed from that given on the last trial. But how far this difference may be regarded as material, and what effect it might have had in determining the issues between the parties, we need not now inquire, since the evidence was such that we can not say it could have had no effect.
Conceding that it was competent to prove what the testimony of the witnesses on the former trial was, the question is whether it was competent to prove it in that manner. We think not. The bill of exceptions was taken under the statute for a specific purpose in that trial, and imports verity no further than the statutory purpose for which it was authorized. It was never intended to be used as evidence, in a subsequent trial of the case, of what was the testimony of the witnesses on the trial in which it was taken. Whenever it becomes competent to show, on a subsequent trial of the case, what testimony was given on a former trial, the usual modes of proof can not be dispensed with by resort to the bill of exceptions taken for no such purpose.
It follows that the court erred in admitting the bill of *584 exceptions as evidence for the purpose stated, and that, for that reason, the judgment must be reversed, and a new trial awarded.
This conclusion renders it unnecessary for us to consider the other questions presented in argument. They may be materially modified by the new trial.

Judgment reversed, and cause remanded.

McIlvaine, Welch, White, and Rex, JJ., concurring.